UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROBERT PUGH III,

                        Plaintiff,

-v-

REVERSE MORTGAGE SOLUTIONS, INC.;
LIBERTY HOME EQUITY SOLUTIONS, INC.;
MICHAEL KENT; JEFFERY P. BAKER, B.B.A.,

                        Defendants.

**MEMORANDUM AND ORDER**

18-CV-01705 (LDH) (JO)

---

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Robert Pugh III, proceeding pro se, asserts claims against Defendants Reverse Mortgage Solutions, Inc. ("RMS"); Jeffery P. Baker, B.B.A. (together with RMS, "RMS Defendants"); Liberty Home Equity Solutions, Inc. ("Liberty"); and Michael Kent (together with Liberty, "Liberty Defendants") arising out of a purported mortgage note.[1] (Am. Compl., ECF No. 13.) Liberty Defendants move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.[2] (Liberty Defs.' Mem. Law Supp. Mot. Dismiss Compl. ("Defs.' Mem."), ECF No. 25-1.)

## BACKGROUND[3]

The complaint contains few factual allegations among its many various assertions of civil-rights, admiralty, criminal, constitutional and common law; international treaties; the Uniform Commercial Code; and accounting standards. Plaintiff alleges that he "never borrowed

---

[1] By order dated February 26, 2019, the Court stayed this action pursuant to 11 U.S.C. § 362(a)(1) in light of RMS Defendants' February 25 notice of bankruptcy (ECF No. 21). By order dated April 1, 2019, with the consent of Liberty Defendants, the Court lifted the stay with respect to them.

[2] Although Liberty Defendants purport to bring their motion under Rule 12(b)(6) alone, their memorandum of law raises jurisdictional issues that fall under Rule 12(b)(1).

[3] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order.

or took a mortgage from [RMS] or [Liberty]." (Am. Compl. at 3.) He suggests that Defendants somehow acquired his mortgage note but that he "never authorize[d] the Defendant(s) [*sic*] to trade [his] Note on the [New York Stock Exchange] as a mortgage backed security." (*Id.* at 2.) Finally, he contends that RMS and Liberty "did not secure [their] interest in the collateral (Pugh III / Note), [and] no lien was filed to secure the property, . . . [so RMS and Liberty] CANNOT file a lien to secure the collateral because it would be fraud." (*Id.* at 9.)

### STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the

2

Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient[.]" *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Liberty Defendants argue that dismissal is warranted on the independent grounds that (1) there is no justiciable controversy between the parties, (2) Plaintiff lacks standing to bring his claim within the Court's jurisdiction, and (3) the complaint fails to state a plausible claim for relief. (Defs.' Mem. 1-2.) Because the Court agrees that it lacks subject-matter jurisdiction over the complaint for want of a justiciable controversy between the parties, it need not reach Liberty

3

Defendants' standing and merits arguments. "The oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 85 (2d Cir. 2018) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). "This means that federal courts 'may not give an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting In Matter of Motors Liquidation Co., 829 F.3d 135, 168 (2d Cir. 2016)).

Here, Plaintiff asks the Court to do exactly that. Specifically, Plaintiff acknowledges that Defendants have not sought to foreclose on the property subject to the mortgage at issue, does not suggest that they are likely to do so, but nonetheless seeks the Court's confirmation that they "CANNOT file a lien to secure the [property] because it would be fraud." (Am. Compl. at 9.) The Court's subject-matter jurisdiction simply does not extend to such a hypothetical scenario. *See Flaherty v. Offenberg*, No. 87-C-3126, 1987 WL 20319, at *1 (E.D.N.Y. Nov. 5, 1987) (holding, in the alternative, that the court lacked jurisdiction to prevent foreclosure proceedings because the plaintiff did not allege that the defendant "ha[d] begun any type of foreclosure proceedings against him" and thus no case or controversy was present).

**CONCLUSION**

For the foregoing reasons, Defendant's motion is GRANTED, and the complaint is dismissed in its entirety for lack of subject-matter jurisdiction.

In light of his pro se status, Plaintiff is granted leave to file an amended complaint within 30 days from the entry of this memorandum and order. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this memorandum and order. Failure to file an amended complaint within 30

days, as directed by this memorandum and order, will result in dismissal of Plaintiff's case for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                              SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       November 27, 2019  LaSHANN DeARCY HALL
                                                United States District Judge