```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 ROBERT PUGH III,

                    Plaintiff,                 MEMORANDUM & ORDER
                                               18-CV-1705(EK)(CLP)
          -against-

 REVERSE MORTGAGE SOLUTIONS,
  et al.,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Robert Pugh III, proceeding *pro se*, asserts various claims relating to a mortgage on a property owned by Gladys Pugh. The operative complaint does not, however, indicate Mr. Pugh's relationship to Gladys Pugh, or his connection to the mortgage or property in question. Pugh names as defendants Reverse Mortgage Solutions, Inc. ("RMS"); Jeffrey P. Baker, (together with RMS, the "RMS Defendants"); Liberty Home Equity Solutions, Inc.; Michael Kent (together with Liberty, the "Liberty Defendants"); Shap Acquisition Trust HB1; Wilmington Savings Fund Society, FSB; and Mark A. Turner, in his individual capacity and as President of Wilmington. For the reasons set forth below, the complaint is dismissed against all defendants for lack of subject-matter jurisdiction, because Pugh has not sufficiently alleged that he has standing to pursue his claims.

## I. Background

Plaintiff filed his initial complaint on March 16, 2018. ECF No. 1. In June 2018, Liberty and the RMS defendants requested a pre-motion conference in anticipation of a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. They contended, as to jurisdiction, that the complaint alleged no justiciable case or controversy and that Plaintiff lacked standing to assert claims on Gladys Pugh's behalf. See ECF Nos. 7, 11. Pugh filed an amended complaint on September 21, 2018, in which he recited the same allegations but removed various legal citations he had included in the original complaint. See ECF No. 13.

On November 27, 2019, Judge DeArcy Hall dismissed the first amended complaint for lack of subject-matter jurisdiction, finding that there existed no "justiciable controversy between the parties." See Pugh v. Reverse Mortg. Sols., Inc., No. 18-CV-01705, 2019 WL 6352465, *2 (E.D.N.Y. Nov. 27, 2019).[1] In her order, Judge DeArcy Hall noted that "Plaintiff acknowledges that Defendants have not sought to foreclose on the property subject to the mortgage at issue, [and] does not suggest that they are

---

[1] This case was transferred to the undersigned on March 2, 2020.

2

likely to do so." *Id.*[2]  Given Plaintiff's *pro se* status, she granted him leave to file a second amended complaint. *Id*.

On December 23, 2019, Pugh filed his second amended complaint ("SAC"), again asserting claims relating to Gladys Pugh's mortgage. The SAC added as defendants Shap Acquisition Trust Hb, Solutions Inc., Wilmington Savings Fund Society, and Mark A. Turner. Apart from the added defendants, the SAC is substantively identical to the prior complaints.

The SAC is long and invokes a series of legal provisions, the relevance of which is unclear. Pugh does not label any specific cause of action. Nevertheless, the Court discerns the allegation that the Liberty Defendants initiated a reverse mortgage loan executed by Gladys Pugh in February 2013,

---

[2] In February 2019, while this action was pending, the RMS Defendants filed for bankruptcy in the Southern District of New York. *See* Bankruptcy Petition, *In re Ditech Holding Corporation, et al.,* Case No. 19-10412-jlg, ECF No. 1. Judge DeArcy Hall acknowledged the automatic stay that arose from that filing: "Pursuant to 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition operates as a stay of any judicial action or proceeding against a debtor that was commenced before the bankruptcy proceedings began. This matter is therefore stayed until further notice." Docket Entry dated February 26, 2019. It is not immediately clear from the record whether the automatic stay still remains in effect in the Southern District. The automatic stay does not, however, operate to deprive a district court of the power to dismiss a complaint for lack of subject matter jurisdiction, as Judge DeArcy Hall did with the first amended complaint and I do now with the SAC. *See, e.g.*, *MTGLQ Investors, L.P. v. Guire*, 286 F. Supp.2d 561, 563 (D. Md. 2003) (joining "other courts that have considered the issue in concluding that dismissing or transferring the case on jurisdictional grounds does not constitute a prohibited 'continuation' of the action under [the automatic stay provision in] § 362"); *In the Matter of Federal Press Co.*, 117 B.R. 942, 950 (N.D. Ind. 1989) (ordering a transfer of venue notwithstanding the bankruptcy stay).

3

secured by her property. SAC at 13. Pugh alleges that this mortgage loan was the product of fraud. *Id.* at 10, 21. In particular, he contests the validity of certain assignments and transfers of ownership of that reverse mortgage, claiming that the Defendants fraudulently concealed facts relating to the transfer and assignment contracts, among other things. *Id*. at 10, 26.

Plaintiff seeks to cancel the mortgage to preemptively invalidate any potential foreclosure. Pugh also seeks $13,000,000 in damages, and an order that all "mortgage(s) [be] cleared." *Id.* at 26. In addition, on March 12, 2020, Plaintiff filed a document entitled "Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(C)." ECF No. 32.

The Liberty Defendants move to dismiss, arguing that (a) Plaintiff lacks standing because the SAC does not allege a concrete and particularized injury-in-fact, as required by Article III of the U.S. Constitution; and (b) the SAC fails to meet the pleading standard in Rule 8 of the Federal Rules of Civil Procedure. Liberty Defendants' Brief at 1, ECF No. 31.

**II.   Discussion**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The plaintiff bears the burden of establishing by a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

In addressing the Liberty Defendants' motion, the Court is mindful that Plaintiff is proceeding *pro se* and that his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). However, the Plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Plaintiff lacks Article III standing to pursue his claims because he has not alleged an injury-in-fact. Article III standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish Article III standing, a plaintiff must establish the following three elements: (1) injury-in-fact, meaning "an actual or imminent"

5

and "concrete and particularized" harm to a "legally protected interest"; (2) causation of the injury; and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

The Liberty Defendants' standing challenge focuses on the first element, the existence of a cognizable injury-in-fact. A plaintiff must allege an injury that is more than speculative; allegations of merely "conjectural or hypothetical" harm do not suffice. *Lujan*, 504 U.S. at 560 (internal quotations omitted); *see also United States v. Probber*, 170 F.3d 345, 349 (2d Cir. 1999) (plaintiff lacked standing when "injuries [were] too speculative to satisfy the case-or-controversy requirement of Article III"). Moreover, as a general rule, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499.

Here, Pugh is (once again) requesting that the Court prevent a hypothetical, future foreclosure on a mortgage to which he has not alleged he is a party. He has not alleged what his relationship to Gladys Pugh is, nor told us anything about his connection to the mortgage in question or the property to which it is attached. There are limited instances in which a plaintiff can sue to vindicate the rights of third parties. In *Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004), for example, the Supreme Court held that a litigant can sue for injury to

6

another, in certain circumstances, if he demonstrates (1) "closeness" to the third party and (2) a "hindrance" to the third party's ability to bring suit. But Plaintiff has not alleged such closeness, nor the existence of any hindrance to Gladys Pugh's ability to vindicate her own rights.

Because Pugh has not alleged that he has suffered (personally) any injury-in-fact, the case must be dismissed under Rule 12(b)(1).[3]

### III. Conclusion

For the foregoing reasons, the Liberty Defendants' motion to dismiss is granted. The Second Amended Complaint is dismissed without prejudice for lack of jurisdiction. Plaintiff's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is also denied for lack of jurisdiction.

Given his *pro se* status, the Court will afford Mr. Pugh one more opportunity to properly invoke this Court's jurisdiction. Plaintiff has thirty days to amend his complaint. The next amended complaint, if Plaintiff chooses to file one, should state specifically what Mr. Pugh's relationship is to Gladys Pugh, why he believes that he will suffer (personally) an imminent injury-in-fact in connection with her reverse mortgage, and why it is that he his acting on Ms. Pugh's behalf (if that

---

[3] Plaintiff's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), too, fails for lack of jurisdiction.

7

is indeed the case).  In the event the Plaintiff files an additional complaint, this Court can ascertain the continuing applicability (if any) of the automatic stay entered in the RMS Defendants' Chapter 11 proceeding at that time.

       SO ORDERED.

                               /s Eric Komitee
                               ERIC KOMITEE
                               United States District Judge

Dated:    March 23, 2021
           Brooklyn, New York